IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

No. 3:18-cv-00570-HZ

Plaintiff,

v.

SAMMY RASEMA YETISEN *aka*
RASEMA HANDANOVIC *aka* ZOLJA,

OPINION & ORDER

Defendant.

Steven A. Platt
Timothy M. Belsan
U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Diane Schweiner
U.S. ATTORNEY'S OFFICE - DISTRICT OF OREGON
Civil Division
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Attorneys for Plaintiff

Sammy Rasema Yetisen
2088 N.W. Cadbury Ave. #203
Beaverton, Oregon 97006

       Defendant *Pro Se*

HERNANDEZ, District Judge:

       In a February 28, 2019 Opinion & Order, I granted Plaintiff's motion for judgment on the pleadings. *United States v. Yetisen*, No. 3:18-cv-00570-HZ (D. Or. Feb. 28, 2019), ECF 35.[1] As a result, Plaintiff was entitled to judgment on its claim that Defendant had illegally procured her naturalization. On March 11, 2019, a Judgment in accordance with the February 28, 2019 Opinion & Order was filed. ECF 39. The Judgment revokes and sets aside the order admitting Defendant to United States citizenship, effective as of the original date of the Certificate of Naturalization, and further cancels Defendant's Certificate of Naturalization. Judgment at 1. Additionally, the Judgment orders Defendant to surrender her Certificate of Naturalization, any copies of the Certificate in her possession, and any current or expired United States passports. *Id.* at 2. Defendant moves to stay execution of the Judgment pending appeal. I deny the motion.

STANDARDS

       A federal court, "as part of its traditional equipment for the administration of justice," may stay the execution of a judgment pending appeal. *Nken v. Holder*, 556 U.S. 418, 421 (2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 62. However, a stay "is an intrusion into the ordinary processes of administration and judicial review and accordingly, is not a matter of right, even if irreparable injury might otherwise result to the appellant[.]" *Id.* at 427 (citation

---

[1] The Opinion correctly referred to the motion as having been brought by Plaintiff the Government, Op. at 2, but, in the summary conclusion paragraph, mistakenly referred to the motion as having been brought by Defendant. *Id.* at 12.

and internal quotation marks omitted).

Federal courts have denied stays of execution in civil denaturalization cases. *E.g.*, *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (affirming district court's denial of a motion to stay the denaturalization action pending resolution of a "pending administrative derivative citizenship proceeding" and describing a stay as "as an extraordinary measure"); *United States v. Olivar*, No. CV1209134RGKPJWX, 2014 WL 12707482, at *1–2 (C.D. Cal. Mar. 31, 2014) (denying motion to stay a civil denaturalization order pending appeal).

The party seeking the stay bears the burden of showing that a stay is warranted. *Nken*, 556 U.S. at 433-34. The relevant factors to consider are: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 426. Among these factors, the first two are the most critical. *Id.* at 434. The first factor requires that the chance of success on the merits be "better than negligible." *Id.* The second factor requires the moving party to demonstrate more than "some possibility of irreparable injury." *Id.* "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party." *Id.* at 435.

## DISCUSSION

In her initial motion, Defendant does not cite to the relevant factors and states only that she cannot work on her appeal if she is forced to leave the country. ECF 41. In her reply, she raises what appear to be arguments contending that she has a likelihood of success on the merits.

ECF 44.  She also reiterates her concern that she will be unable to prosecute her appeal if she is deported.  Defendant's arguments are unpersuasive.

As to the likelihood of success on the merits, I do not repeat the analysis contained in the February 28, 2019 Opinion but I note that Defendant did not dispute key facts such as her having pleaded guilty to war crimes and did not dispute previous factual findings including that she had committed murder.  Feb. 28, 2019 Op. at 8-9.  She cites to no law or other authority in support of the arguments she offers now suggesting that this Court erred.  She fails to show that her likelihood of success on appeal is more than "negligible."  This factor weighs in Plaintiff's favor.

While it may be more onerous to proceed with her appeal if she is no longer in the United States, I reject Defendant's contention that this is irreparable harm.  First, as Plaintiff explains, Defendant's alleged harm is not imminent.  Instead, Defendant remains in the United States as a lawful permanent resident until she is removed by the Department of Homeland Security.  Before Defendant is actually removed from this country, the Department of Homeland Security must decide to initiate removal proceedings and must succeed in that pursuit.  Defendant is entitled to due process during that proceeding, and has the ability to seek relief from the immigration court, to appeal an adverse decision to the Bureau of Immigration Appeals, and then, if necessary, to petition the appropriate federal court of appeals for review as permitted by statute.  If she is actually deported during this process, she could continue to work on her appeal from abroad.  Granted, as noted above, this could be cumbersome.  But, absence from the United States does not *prevent* her from prosecuting her appeal.  This argument also weighs in favor of Plaintiff.

*Nken* instructs that when the Government opposes the motion to stay, the issues of harm to the opposing party and the public interest merge.  Here, while I see little harm to the

Government by staying execution of the Judgment, the Government appropriately notes that the public interest is served by protecting the public from convicted criminals. Although the facts of this case do not suggest that the public is actually in any danger by Defendant's presence in the United States, her criminal history weighs in the Government's favor. Moreover, as the Government notes, there is always the possibility that should Defendant not be required to promptly turn over her Certificate of Naturalization and passport, she could abscond. In the end, I find this factor neutral.

Considering all of the relevant factors, Defendant fails to meet her burden to show that execution of the Judgment should be stayed.

## CONCLUSION

Defendant's motion to stay execution of the Judgment [41] is denied. As provided in the March 29, 2019 Minute Order extending the date by which Defendant must surrender her documents in light of this pending motion to stay, Defendant shall surrender her Certificate of Naturalization, any copies thereof in her possession, as well as any and all current or expired United States passports as instructed in the March 11, 2019 Judgment, within fourteen (14) days of the date of this Opinion & Order.

IT IS SO ORDERED.

Dated this _____ day of _____, 2019

_____
Marco A. Hernandez
United States District Judge