IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

SAMMY RASEMA YETISEN,

          Defendant.

No. 3:18-cv-00570-HZ

OPINION & ORDER

Steven A. Platt
Devin Barrett
J. Max Weintraub
Nancy Pham
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Dianne Schweiner
U.S. Attorney's Office – District of Oregon
Civil Division
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

1 – OPINION & ORDER

Ashley M. Simonsen
Isaac D. Chaput
Covington & Burling LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067

Matthew J. Kalmanson
Hart Wagner, LLP
1000 SW Broadway, Suite 2000
Portland, OR 97205

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

On September 12, 2023, this Court granted Plaintiff's Motion for Summary Judgment on Counts I, II, III, and IV of Plaintiff's Complaint. ECF 87. Accordingly, the Court entered a Judgment which revokes and sets aside the order admitting Defendant to United States citizenship and cancels Defendant's Certificate of Naturalization. ECF 89. The Judgment orders Defendant to surrender her Certificate of Naturalization, any copies of the Certificate in her possession, and any current or expired United States passports. *Id*. Defendant moves to stay the Judgment pending appeal. ECF 91. For the following reasons, Defendant's motion is denied.

## STANDARDS

A federal court, "as part of its traditional equipment for the administration of justice," may stay the execution of a judgment pending appeal. *Nken v. Holder*, 556 U.S. 418, 421 (2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 62. However, a stay "is an intrusion into the ordinary processes of administration and judicial review and accordingly, is not a matter of right, even if irreparable injury might otherwise result to the appellant[.]" *Id*. at 427 (citation and internal quotation marks omitted).

The party seeking the stay bears the burden of showing that a stay is warranted. *Id*. at 433-34. The relevant factors to consider are: (1) whether the stay applicant has made a strong

showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 426. The third and fourth factors merge when the Government is the opposing party. *Id.* at 435.

Among these factors, the first two are the most critical. *Id.* at 434. The court uses a "sliding scale" approach under which the factors of a stay are balanced, so that "a stronger showing of one [factor] may offset a weaker showing of another." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020) (citation omitted).

## DISCUSSION

The Court evaluates each of the relevant factors in turn and concludes that the first two weigh strongly against a stay while the third is neutral.

I.  **Likelihood of Success on the Merits**

To satisfy the first factor, Defendant "must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). Here, Defendant argues that she has a strong likelihood of success on the merits of her appeal based on three specific arguments.

First, Defendant argues that she is likely to prevail on appeal because the Court erred by relying on the allegedly inadmissible expert testimony of Dr. Tomljanovich. Defendant argues that the Court failed to address the expert's lack of methodology and Defendant's hearsay objection to his testimony. As to the Court's failure to address the expert's lack of "methodology," Ninth Circuit case law is clear that the admissibility of expert testimony based on "knowledge and experience" rather than "scientific or technical testimony," "[is] not contingent upon a particular methodology or technical framework." *Hangarter v. Provident Life*

3 – OPINION & ORDER

*& Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004). Dr. Tomljanovich is a historian, not a scientist or technical expert, so his testimony turns on his knowledge and experience, not a methodology. The Court was therefore not required to address methodology. Similarly, as to Defendant's hearsay argument, the Court's Opinion & Order made clear that the Court considered Dr. Tomljanovich's conclusion (*i.e.*, opinion) on the issue of discriminatory motive. *See* ECF 87 at 13. Defendant admitted that experts may base opinions on hearsay statements. *See* ECF 85 at 11. The Court therefore did not address the hearsay issue as it was conceded on this point. Defendant is unlikely to succeed on appeal based on the Court's consideration of Dr. Tomljanovich's testimony.

Second, Defendant argues that she is likely to succeed on appeal because the Court erred by deciding the issue of intent at the summary judgment stage, which is ordinarily decided by the trier of fact. Defendant's argument depends on the general rule that intent is ordinarily an issue for the trier of fact, but that general rule does not preclude resolving that issue at the summary judgment stage when there is no genuine issue of material fact. *See, e.g.*, *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1094 (9th Cir. 2010) (if no reasonable person could deny that the statement was materially misleading, a defendant with knowledge of the relevant facts cannot manufacture a genuine issue of material fact merely by denying (or intentionally disregarding) what any reasonable person would have known). The Court does not repeat its analysis here, but its Opinion & Order contains sufficient reasoning and explanation as to why there is no such factual question here.

Finally, Defendant's argument about "inquiry notice" related to her laches defense is unlikely to succeed on appeal. As the Court noted in its Opinion & Order, it was the Government's knowledge of Defendant's service in the "Zulfikar Unit" (an elite special forces

4 – OPINION & ORDER

unit of the Bosnian army), not the mere fact of her military service, that put the Government on inquiry notice. ECF 87 at 4, 24.

Defendant has not shown a substantial case for relief on the merits and therefore fails to satisfy the first factor of the stay analysis.

**II.      Irreparable Harm**

To satisfy this factor, Defendant must demonstrate more than "some possibility of irreparable injury," instead showing that "the irreparable injury is likely to occur during the period before the appeal is decided." *Doe #1 v. Trump*, 957 F.3d 1050, 1059 (9th Cir. 2020). Defendant argues that she can show irreparable harm based on a threat to her housing if the Judgment were to go into effect.

Defendant, who is disabled and unable to work, receives housing support through the Washington County Housing Authority ("Housing Authority"). ECF 91-1 at ¶ 3. The Housing Authority "provides support only to United States citizens and lawful residents, and requires proof of citizenship or lawful residence." *Id.* ¶ 3. Defendant must report any changes in her citizenship status to the Housing Authority. *Id.* The Judgment at issue revokes Defendant's citizenship but says nothing about her lawful residence. ECF 89. Indeed, the parties appear to agree that the effect of the Judgment is that Defendant's status reverts to that of a permanent resident. Def. Reply 2; Pl. Resp. 9. Instead, the dispute appears to revolve around the difficulty of acquiring documentation of Defendant's lawful residency and the likelihood that she will lose access to her housing before she can provide such documentation to the Housing Authority.

The Court finds that Defendant's arguments on this point are purely speculative and insufficient to show that irreparable harm is likely to occur. More than two months have passed since the Court granted summary judgment in Plaintiff's favor. Defendant provides no evidence

5 – OPINION & ORDER

about the time within which she is required to report changes in citizenship status to the Housing Authority. Nor does she show that she has she taken any affirmative steps to inquire with the Housing Authority about what documentation it would accept as proof of lawful residency, whether it would accept "receipt notice" of Defendant's application to replace her Permanent Residence Card as a short-term measure pending the actual replacement, or how soon documentation would need to be procured to avoid losing her housing. Likewise, other than speculation in Defendant's briefing about how long it *could* take to obtain a Permanent Residence Card, there is no evidence that she has inquired with U.S. Citizen and Immigration Services as to wait time for in-person appointments or tried to schedule one. Defendant has therefore failed to satisfy the "irreparable harm" factor of the stay inquiry.

**III.    Public Interest**

In the Court's Opinion & Order on Defendant's motion to stay pending the last appeal, the Court found this factor neutral:

> the Government appropriately notes that the public interest is served by protecting the public from convicted criminals. Although the facts of this case do not suggest that the public is actually in any danger by Defendant's presence in the United States, her criminal history weighs in the Government's favor.

ECF 45. Neither party identifies any change in the facts or law that would compel a different finding now, and the Court sees no reason to depart from it. This factor is therefore neutral.

///

///

///

///

///

## CONCLUSION

Defendant's Motion to Stay Judgment Pending Appeal [91] is denied. The Court's temporary stay pending the resolution of this motion [92] is lifted. Defendant must comply with the October 26, 2023 Judgment [89] within ten (10) days of the date of this Opinion & Order.

IT IS SO ORDERED.

DATED:_____November 28, 2023_.

_____
MARCO A. HERNÁNDEZ
United States District Judge